[Civ. No. 11626.   Second Appellate District, Division One.—November 16, 1938.]

FRANK H. OSWALD, Appellant, v. H. G. CHAFFEE WAREHOUSE COMPANY (a Corporation) et al., Respondents.

Lillick, McHose & Adams, John C. McHose, James L. Adams and Edwin L. Gerhardt for Appellant.

Parker & Stanbury and Harry D. Parker for Respondents.

DORAN, J.—This is an appeal by plaintiff from the judgment, in an action to recover damages for personal injuries sustained by reason of the alleged negligence of defendants in the operation of a Ford truck, which, while backing out of a warehouse, ran into the plaintiff, causing certain injuries from which the damages are alleged to have resulted. The cause was tried before a jury, which returned a verdict in favor of defendants. A motion for a new trial was denied.

Plaintiff, Frank H. Oswald, a man 76 years of age, was a "checker" employed for the past twenty years by the Pacific Steamship Line. His work consisted of checking freight received from steamers and of tallying freight delivered to truck drivers.

The record reveals that on the afternoon of May 5, 1936, when the accident occurred, plaintiff was on duty at Berth 156 which is a large covered warehouse adjacent to a dock in Los Angeles Harbor. There were two entrances to the berth, one at the south end which was the door generally used by trucks in entering the warehouse, and, at the north end adjacent to the dock or pier, a distance of some 1500 to 2,000 feet, was another large door. Sometimes the trucks, after picking up their freight, would drive straight through the warehouse and exit from the north door, and sometimes they

would back up and leave the berth through the south or main entrance.

On the afternoon in which the accident occurred, defendant James Floyd Shippey, a truck driver, called at Berth 156 to pick up some freight for his employer, defendant Chaffee Warehouse Company. He drove the truck into the warehouse and stopped at a point where the rear end of the truck was 25 to 30 feet inside of the south door. He then proceeded to load 200 boxes of popcorn onto his truck, which were checked by plaintiff Oswald who at that time was sitting on a box some 8 or 10 feet to the right of the truck at about the middle thereof. When the driver completed the load he signed a warehouse receipt for the goods, handed it to Mr. Oswald, closed the gate at the back end of the truck, got into the truck and started to back out of the south door. After he had backed a distance of between 10 and 15 feet, the truck ran into Oswald and knocked him down.

At the trial plaintiff, who had been seriously injured, was unable to recall exactly what had happened previous to his being struck, but admitted on cross-examination that he was paying no attention to the truck at the time he was struck.

Appellant's contention that the evidence does not sustain the judgment, as well as the further contention that with regard to the issue of negligence and contributory negligence the evidence is without conflict and definitely establishes not only negligence on the part of defendant Shippey but also an absence of contributory negligence on the part of plaintiff, lacks support in the record.

With the exception of the plaintiff, and the defendant Shippey, there was only one eye-witness to the accident. The testimony of these witnesses together with photographs and evidence of circumstances established by the testimony of other witnesses who arrived at the scene immediately following the accident, made up the record on the issue of negligence. The evidence so adduced was not without appreciable conflict, and the effect of such evidence, as well as the inferences to be drawn therefrom, was for the jury's determination. A judgment following such a verdict cannot be disturbed on appeal.

It is further urged by appellant that the jury was prejudiced by reason of certain improper questions asked of plaintiff's doctor on cross-examination, and by improper argument of defendants' counsel to the jury. The questions about which appellant complains were proper cross-examina-

tion. As to the alleged improper argument, although not assigned as misconduct at the time, objection was made thereto and the court thereupon advised the jury to disregard the same. On the showing presented by the record, a degree of prejudice does not appear to have resulted that would justify a reversal.

The judgment is affirmed.

York, P. J., and White, J., concurred.